E-FILED
Thursday, 10 July, 2025  09:23:38 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANDRE WINSTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 25-4118-SEM-DJQ** |
| | ) | |
| | ) | |
| **A. HOYT,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Andre Winston, proceeding *pro se*, is a civil detainee at the Illinois Department of Human Service's Treatment and Detention Facility at Rushville, Illinois ("Rushville"). Plaintiff has requested leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but who are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Before the Court had an opportunity to review his Original Complaint in conjunction with reviewing his request to proceed *in forma pauperis*, Plaintiff filed a motion seeking leave to file an amended complaint. Therefore, the Court will review Plaintiff's proposed Amended Complaint in determining whether he may proceed *in forma pauperis* in this case.

In his Amended Complaint, Plaintiff alleges that, in mid-June 2024, he was summoned to appear before the Behavioral

Committee to answer for a charge that he had engaged in behavior that violated Rushville's rules and regulations. But at the Behavioral Committee hearing, Plaintiff claims that the members of the Behavioral Committee changed the charges against him. In so doing, Plaintiff contends that Defendants violated his right to a twenty-four-hour notice of the allegations against him. In addition, Plaintiff asserts that Defendants actively prevented him from calling witnesses at the Behavioral Committee meeting and that these witnesses would have conclusively established his defense. Finally, Plaintiff argues that the Behavioral Committee hearing's finding that he was guilty of the changes was not supported by evidence; rather, Plaintiff asserts that the evidence that he was able to offer at the Behavioral Committee hearing clearly showed that he was not guilty of the charges levied against him.

Plaintiff's Amended Complaint states a claim for an alleged violation of his Fourteenth Amendment Due Process rights against A. Hoyt, S. Caraway, STA Strode, D. McNealy, K. Parker, and L.

Wagner.[1] "[D]etainees are entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974) before the imposition of punishment for a disciplinary infraction." *Doolin v. Anton*, 2020 WL 7229675, * 1 (N.D. Ind. Dec. 8, 2020). The procedural protections outlined in *Wolff* v. *McDonnell*, 418 U.S. 539 (1974), include three key components: "(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in [the prisoner's] defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Love* v. *Vanihel*, 73 F.4th 439, 451 (7th Cir. 2023) (quoting *Wolff*, 418 U.S. at 563–67); *Superintendent* v. *Hill*, 472 U.S. 445, 454–55 (1985).

Here, Plaintiff has alleged that Defendants violated *Wolff's* components. Defendants may have had a valid basis for depriving him of these requirements. For example, officials have discretion whether to allow a prisoner or a detainee to call witnesses. *Wolff*, 418 U.S. at 566 ("Prison officials must have the necessary

---

[1]  In his Amended Complaint, Plaintiff included L. Wagner as a party Defendant whom he did not include as a Defendant in his Original Complaint.

discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority[.]"). Moreover, it is not clear whether the punishment imposed upon Plaintiff violated his liberty interest under the Due Process Clause. *E.g.*, *Hernandez v. Scott*, 2018 WL 5892356, * 2 (C.D. Ill. Nov. 9, 2018) ("Rushville detainee who faces some restriction on movement or loses some privileges has failed to articulate a deprivation of a protected liberty interest."); *Miller v. Dobier*, 634 F.3d 412 (7th Cir. 2011) (imposition of "close" status at the Rushville Treatment and Detention Center did not trigger procedural due process protections, and there is no liberty interest in avoiding black box restraints). But these are not decisions that the Court can make without a development of the factual record. *Marion v. Columbia Correction Inst.*, 559 F.3d 693, 694 (7th Cir. 2009) (development of a factual record is generally required for a Due Process Claim).

**IT IS, THEREFORE, ORDERED:**

1.    Plaintiff's motion for leave to file an Amended Complaint [5] is GRANTED, and the Clerk of the Court is directed to file Plaintiff's proposed Amended Complaint.

2.    Pursuant to its review, the Court finds that Plaintiff's Amended Complaint states a claim for an alleged violation of his Fourteenth Amendment Due Process rights against A. Hoyt, S. Caraway, STA Strode, D. McNealy, K. Parker, and L. Wagner. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3.    The Clerk of the Court is directed to add L. Wagner as a party Defendant, and the Clerk is further directed to effect service of process upon Defendants A. Hoyt, S. Caraway, STA Strode, D. McNealy, K. Parker, and L. Wagner pursuant to the Court's standard procedures.

4.    This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5.      The Court will attempt service on Defendants by mailing waivers of service to them. Defendants have sixty (60) days from the date the waiver is sent to file an answer. If Defendants have not filed answers or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6.      With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7.      Defendants shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general,

an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8.    This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

9.    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10.    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11.    If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12.    The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13.    Plaintiff's motion to proceed *in forma pauperis* [3] GRANTED.

Entered this 10th day of July, 2025

                                                    s/ Sue E. Myerscough
                                            SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE